UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CASE NO:

| | |
|---|---|
| WORLDWIDE MEDIA, INC., <br> a Florida corporation <br> Plaintiff, <br> <br> vs. <br> <br> TRADITIONAL MEDICINALS, Inc., <br> a California corporation, <br> Defendant. | COMPLAINT FOR <br> DECLARATORY RELIEF OF <br> NON-INFRINGEMENT AND <br> LAWFUL USE OF <br> <SMOOTHMOVE.COM> <br> DOMAIN NAME |

NOW COMES Plaintiff Worldwide Media, Inc. ("Plaintiff"), alleging as follows:

## NATURE OF THE CASE

1. This case is brought pursuant to 15 U.S.C. 1114(2)(D)(v) for declaratory relief pursuant to 28 U.S.C. § 2201 to establish that Plaintiff's registration and use of the domain name <smoothmove.com> (the "Domain Name") is not unlawful under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)("ACPA") or otherwise under the Lanham Act (15 U.S.C. § 1051 et. Seq.), and to prevent the transfer of the Domain Name to Defendant, which was ordered in an administrative panel decision issued April 7, 2009 under the Uniform Domain Name Dispute Policy ("UDRP") in a proceeding captioned: <u>Traditional Medicinals Inc. v. Worldwide Media, Inc. et al.</u>, No. FA0902001247728 (NAF Apr. 7, 2009).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff seeks a declaration, pursuant to 15 U.S.C. 1114(2)(D)(v)

and 28 U.S.C. § 2201, that its registration and use of the Domain Name does not violate Defendant's trademark for the term SMOOTH MOVE.

3. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, Defendant agreed in its UDRP complaint (the "UDRP Complaint") to submit to jurisdiction at the address listed for the Domain Name in the Registrar's Whois database in connection with a challenge of a UDRP decision ordering a transfer of the Domain Name. The address listed for the Domain in the Registrar Whois database as of the filing date of the UDRP Complaint is: Post Office Box 129, Highlands, North Carolina 28741.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

5. Plaintiff is a Florida corporation.

6. Plaintiff is engaged in an Internet media and marketing business involving the development, operation and monetization of Internet domain names registered and acquired by Plaintiff.

7. Defendant Traditional Medicinals, Inc. is a California corporation.

8. Upon information and belief, Defendant sells herbal dietary supplements, natural health products, over the counter medicines, and herbal medicinal products.

**FACTS**

## A. Plaintiff's Bona Fide Lawful Business of Registering and Using Common Word and Descriptive Term Domain Names in Good Faith

9. At all times, Plaintiff believed and had reasonable grounds to believe that the registration and use of common word and descriptive term domain names used in its business, including the Domain Name, has been completely lawful.

10. Plaintiff's business is based on "direct navigation," an Internet search method where, instead of finding a web site using a search engine, users type common word domain names and descriptive term domain names into their Internet browsers in hopes of finding a web site related to the term contained in the domain names.

11. Plaintiff has registered and/or acquired approximately 75,000 domain names for use in its business. All of Plaintiff's domain names incorporate either common words or descriptive terms. The domain names include common expressions in the English language, such as <smoothmove.com>; descriptive terms, such as <attorneycase.com>; common words, such as <malls.com>, product names, such as <steakknives.com>; and geographic terms, such as <sunnyislesbeach.com>.

12. The type of business activities engaged in by Plaintiff in connection with its domain names has been deemed lawful, bona fide, legitimate and in good faith by numerous decisions under the UDRP, including seven UDRP decisions decided in Plaintiff's favor.

13. Plaintiff's intentions at all times have been to register only domain names which incorporate common words and descriptive terms which Plaintiff believes in good faith are not subject to exclusive trademark rights.

14. Plaintiff diligently avoids registering domain names that incorporate terms identical or similar to trademarks which are subject to exclusive use by the trademark owners.

15. Plaintiff generates revenue from the operation of web sites at its domain names through various methods, including affiliate programs, developed web sites, and from the display of pay-per-click ("PPC") advertisements appearing on the web pages associated with its domain names. The PPC advertisements are provided by various domain name parking providers which host the domain names for third party domain owners. The PPC advertising links generally originate from a feed from either Google or Yahoo. The domain name parking providers share the advertising revenue earned with the domain name owners.

16. The domain name parking providers use software intended to display links associated with the contextual meaning of the terms contained in the hosted domain names. In some cases, the software finds no contextually-related links and, instead, displays generic links, or links which otherwise have no apparent relation to the terms contained in the domain name.

17. The use of common word and descriptive term domain names to display advertising links, in areas unrelated to the goods and services covered by identical or confusingly similar trademarks, has been deemed bona fide and legitimate under the UDRP.

18. Plaintiff has sold some of its domain names in response to purchase inquiries. Plaintiff bases the sales prices in these transactions solely on the domain

name's value as a common word or descriptive term, and not on the value that might be associated with any trademark.

19. Plaintiff does not solicit trademark owners in connection with the sale of domain names and did not solicit the Defendant regarding the Domain Name at issue in this action.

20. The resale of domain names has been deemed a bona fide and legitimate practice in numerous published UDRP decisions.

**B. Registration and Use of the Domain Name Smoothmove.com**

21. Plaintiff registered the Domain Name on or about September 5, 2003.

22. Plaintiff registered the Domain Name because it incorporated the common expression "smooth move," which Plaintiff believed in good faith it could lawfully register under the Lanham Act, as well as the UDRP.

23. Plaintiff did not have actual knowledge of Defendant, or any trademark for "smooth move" held by Complainant, when it registered the Disputed Domain.

24. At the time the UDRP Complaint was filed, Plaintiff hosted the Domain Name with domain name parking provider HitFarm.com. HitFarm's PPC links are generated by a feed from Yahoo. The Domain Name continues to be hosted with HitFarm.com. The links appearing on the Domain Name web page presently, and around the time the UDRP Complaint was filed, were "Las Vegas," "video game," "real estate," "Hawaii," "loan," "apartment," "dating," "social networking, " "finance," and "chat room." All of the links are auto-generated by HitFarm's and Yahoo's software.

25. Plaintiff has hosted the Domain Name with other domain name parking providers in the past, which has resulted in the display of generic links, unrelated links, and links related to moving services.

26. Because "smooth move" is a common term subject to substantial third party use, Plaintiff believed it was a term that was free to be used by anyone provided that such use did not infringe upon another party's trademark rights.

27. In addition to <smoothmove.com>, respondent registered the following domain names which incorporate the term "smooth" or "move."

> callthemovers.com; citymovers.com; expressmovers.com;
> helpmemove.com; moveintomorrow.com; movetoflorida.com;
> movetogeorgia.com; movetomontreal.com; movetonewyorkcity.com;
> movetophoenix.com; movetopuertorico.com; movetosouthflorida.com;
> moveyourself.com; nationalmovers.com; ; yourcarmover.com;
> getitmoved.com; moverrelocationservice.com;
> moverrelocationservices.com; willmove.com
> smoothcigars.com; smoothcurves.com; smoothjazzguitar.com;
> smoothlines.com; smoothout.com; smoothperformance.com;
> smoothsax.com; smoothstep.com; smoothstrokes.com; smoothswing.com;
> smoothswitch.com; smoothup.com; smoothvibe.com

28. Plaintiff did not register the Domain Name with the intent to profit from Defendant's trademark or any other party's trademark.

29. Plaintiff registers only common and descriptive word domain names it believes are not subject to exclusive use.

30. Plaintiff believed the Domain Name was desirable and valuable as the name for a web site associated with moving services, as this term is often associated with such businesses.

31. Plaintiff also believed that the Domain Name would be a good name for a dating web site because of the colloquial meaning of the term "smooth move."

32. At no time has Plaintiff displayed any links on the Domain Name for tea, laxatives, or any beverage, medicinal product, or anything even remotely related to Defendant's business.

Defendant's Trademark for SMOOTH MOVE

33. Defendant is the registrant of the following U.S. trademarks:

SMOOTH MOVE – Reg. No. 3344362 – herbal supplements and nutritional supplements

SMOOTH MOVE – Reg. No. 2520275 – medicinal herb teas and herb teas for food purposes

SMOOTH MOVE – Reg. No. 1258223 – herbal teas for use as a laxative

34. Of its three trademarks, only Reg. Nos. 2520275 and 1258223 were active when Plaintiff registered the Domain Name.

35. Reg. No. 3344362 was not registered until November 27, 2007, four years after the Domain Name was registered.

36. Defendant did not object to Plaintiff's registration and use of the Domain Name for more than five years following Plaintiff's registration of Domain Name.

37. Defendant's first indication that it believed the registration of the Domain Name violated its trademark rights was when in filed its UDRP Complaint against Plaintiff more than five years after Plaintiff registered the Domain Name.

38. "Smooth move" is a common expression in the English language which was in existence long before Defendant adopted it as the name for its herbal laxative tea.

39. Defendant's mark is not "famous" pursuant to 15 U.S.C. 1125(c).

40. Defendant does not have the exclusive right to use the term "smooth move."

41. The term "smooth move" is subject to substantial third party use, including the following:

    a. Three U.S. trademarks for SMOOTH MOVE which are not owned by Defendant:

SMOOTH MOVE – Reg. No. 180966 – electronic controls for alternating current motors.

SMOOTH MOVE – Reg. No. 3201533 – seasoning

SMOOTH MOVE – Reg. No. 1182276 – bras, foundation garments, lingerie and panties

    b. Over 50 businesses in the United States use the term Smooth Move(s) in their business names.

    c. A Google search for "smooth move" yielded over 150,000 third party uses of the term.

42. In addition to the active third party trademark registrations for "smooth move," there are twelve trademark registrations incorporating this term which have lapsed and are now dead, as well as 33 dead U.S. applications for trademarks incorporating "smooth move(s)."

43. Defendant does not have the exclusive right to use SMOOTH MOVE, or the exclusive right to register or use the Domain Name.

## C. The UDRP Proceeding

44. On February 15, 2009, Defendant submitted a complaint pursuant to the UDRP to the National Arbitration Forum seeking transfer of the Domain Name to Defendant.

45. Defendant did not present any evidence in the UDRP proceeding that Plaintiff registered the Domain Name with Defendant's trademark in mind or that Plaintiff had a bad faith intent to profit from Defendant's trademark.

46. Defendant did not present any evidence in the UDRP proceeding that Plaintiff has used the Domain Name in a manner intended to profit from Defendant's trademark.

47. Defendant did not present any evidence in the UDRP proceeding that Plaintiff had ever promoted goods and services related to Defendant's trademark or that Plaintiff had ever intended to confuse consumers seeking Defendant's goods and services.

48. Defendant did not present any evidence in the UDRP proceeding that Plaintiff had attempted to sell the Domain Name to Defendant.

49. On April 7, 2009, a UDRP Panel issued a decision directing that the registration of the Domain Name be transferred to Defendant.

50. In its decision, the UDRP Panel disregarded evidence of Plaintiff's good faith registration and use of the Domain Name and, despite the absence of any evidence supporting a finding of bad faith on the part of Plaintiff.

51. The UDRP expressly provides that a domain name transfer directed by a UDRP panel shall not be implemented if a lawsuit is commenced against the Defendant (i.e., the defendant in this case) within ten (10) business days of the date of the UDRP panel's decision.

52. The UDRP also provides that any lawsuit relating to a domain name subject to a UDRP decision shall be reviewed *de novo*, without regard to the UDRP decision.

53. Plaintiff commenced this action within said ten (10) business day period to prevent transfer of the Domain Name and to seek an order declaring that Plaintiff's registration and use of the Domain Name does not violate Defendant's rights.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF – 28 U.S.C. § 2201**
**NO VIOLATION OF ACPA**

54. Plaintiff incorporates the allegations set forth in paragraphs 1 through 53 above as though fully set forth herein.

55. There is an actual controversy with respect to whether Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the ACPA.

56. In registering the Domain Name, Plaintiff lacked any bad faith intent to profit from Defendant's mark as provided in 15 U.S.C. § 1125(d)(1)(A)(i).

57. For at least the past five years, Plaintiff has used the Domain Name in connection with the bona fide offering of services in the nature of the display of PPC advertising links which were either links related to moving services or generic links with no apparent relationship to the contextual meaning of the term "smooth move."

58. Plaintiff has not intended to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by Defendant's trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

59. No advertisement or other content has ever appeared on Plaintiff's web site at www.smoothmove.com that had any relationship to the goods and services associated with Defendant's trademark.

60. Plaintiff has not offered to transfer, sell, or otherwise assign the Domain Name to Defendant or any third party for financial gain without having used the domain name in the bona fide offering of goods and services.

61. At all times Plaintiff has maintained accurate contact information for the Domain Name.

62. Plaintiff has reasonable grounds to believe its registration and/or use of the Domain Name was lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

63. While Plaintiff has registered and acquired many domain names, it only registers and acquires domain names that incorporate common words and descriptive terms.

64. Plaintiff has not registered domain names with the intent to profit from a trademark.

65. Plaintiff's trademark is not "famous" as provided under 15 U.S.C. § §1125(d)(1)(B)(i)(IX), 1125(d)(1)(A)(ii).

R&S 674877-1

Case 2:09-cv-00026-DLH   Document 1   Filed 04/21/2009   Page 11 of 14

66. Defendant does not have the right to exclusive use of the term SMOOTH MOVE, nor did it have such right as the time Plaintiff registered the Domain Name.

67. Plaintiff's registration and use of the Domain Name does not violate Defendant's rights under the ACPA.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF – 28 U.S.C. § 2201

68. Plaintiff incorporates the allegations set forth in paragraphs 1 through 67 above as though fully set forth herein.

69. There is an actual controversy with respect to whether the Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the Lanham Act.

70. Plaintiff's registration and use of the Domain Name does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant.

71. Plaintiff's registration and use of the Domain Name do not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's or Defendant's goods, services, or commercial activities.

72. Plaintiff's registration or use of the Disputed Domain does not violate Defendant's rights under the Lanham Act.

73. Pursuant to 15 U.S.C. § 1114(2)(D)(v), Plaintiff is entitled to injunctive relief including but not limited to an order prohibiting the transfer of the Domain Name to Defendant.

WHEREFORE, PLAINTIFF WORLDWIDE MEDIA, INC. prays for the following relief:

1. A Judgment declaring that the UDRP decision issued by the National Arbitration Forum in Tradtional Medicinal Inc. v. Worldwide Media, Inc. et al., No. FA0902001247728 (NAF Apr. 7, 2009) is negated.

2. A Judgment declaring that Plaintiff Worldwide Media, Inc.'s registration and use of the Domain Name does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3. A Judgment declaring that Plaintiff Worldwide Media, Inc.'s registration and use of the Domain Name does not violate Defendant's rights under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

4. A Judgment declaring, pursuant to 15 U.S.C. § 1114(2)(D)(v) *inter alia*, that Plaintiff Worldwide Media, Inc. is not required to transfer registration for the Domain Name to Defendant.

5. For an award of attorneys' fees and costs against Defendant.

6. That the Court grant such other, further, and different relief in favor of

Plaintiff and against Defendant as the Court deems proper under the circumstances.

DATED this 21st day of April, 2009.

                                                  s/ Wyatt S. Stevens
                                                  NC State Bar No. 21056
                                                  s/ Ann-Patton Hornthal
                                                  NC State Bar No. 35477
                                                  ROBERTS & STEVENS, P.A.
                                                  P.O. Box 7647
                                                  Asheville, NC  28801
                                                  Telephone:  (828) 258-6992
                                                  Facsimile:   (828) 253-7200
                                                  E-mail: wstevens@roberts-stevens.com
                                                  Counsel for Plaintiff

OF COUNSEL:
Ari Goldberger
ESQWIRE.COM, PC
1908 Marlton Pike East
Cherry Hill, NJ  08003
Telephone: (856)874.9651
Facsimile: (856) 874.9182
Email: ari@esqwire.com
Counsel for Plaintiff